# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DAMIAN CARLTON,

        Petitioner,    :    Case No. 1:20-cv-1030

  - vs -                  District Judge Douglas R. Cole
                           Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

                          :
        Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Damian Carlton, is before the undersigned after transfer from Magistrate Judge Stephanie K. Bowman to help balance the workload of Magistrate Judges in the Southern District (Transfer Order, ECF No. 14).

The case is before the Court on the following motions:

ECF No. 2:  Petitioner's Motion to Compel the Attorney General to File Certain Pages of the Trial Transcript;

ECF No. 3:  Petitioner's Motion to Show How Current Petition is Not Second or Successive;

ECF No. 7:  Petitioner's Motion to Show Fundamental Miscarriage of Justice with Trial Transcript;

ECF No. 8:  Respondent's Motion to Dismiss for Failure to Comply with Habeas Rule 2(c); and

ECF No. 13:  Petitioner's Motion to Amend His Response in Opposition to the Motion to Dismiss.

1

**Litigation History**

On September 11, 2014, the Hamilton County grand jury indicted Carlton for aggravated burglary with two firearm specifications in violation of Ohio Revised Code § 2911.11(A)(2) (count 1) and two counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(1) and (A)(2) (counts 2, 3). (Indictment, State Court Record, ECF No. 6, Ex. 1, in *Carlton v. Warden*, Case No. 1:18:cv-387 (hereinafter the "2018 Case").  A jury convicted him of aggravated burglary and both counts of felonious assault, but acquitted him on the weapons specifications to those charges. *Id.* at Exs. 2 and 3.  He was then sentenced to an aggregate term of imprisonment of nineteen years. *Id.* at Ex. 4.  Carlton appealed and included an insufficiency of the evidence assignment of error, but the Ohio First District Court of Appeals affirmed.  *State v. Carlton*, 2016 Ohio App. LEXIS 2984 (1st Dist. Jun. 22, 2016). Carlton did not appeal to the Supreme Court of Ohio from this decision.

On September 20, 2016, Carlton filed a *pro se* Application to Reopen his appeal to raise assignments of error he claimed were omitted as the result of ineffective assistance of appellate counsel (2018 Case, State Court Record, ECF No. 6, Ex. 6).  On January 19, 2017, the First District denied the Application on the merits. *Id.* at Ex. 11, appellate jurisdiction declined, *State v. Carlton*, 149 Ohio St.3d 1409 (2017).

Carlton effectively filed his Petition in the 2018 Case on the day he signed it, May 31, 2018 (Petition in the 2018 Case, ECF No. 1-1, PageID 22).  Respondent moved to dismiss the 2018 Case as barred by the statute of limitations. *Id.* at ECF No. 7.  Petitioner did not respond on the merits of that defense, but instead moved for voluntary dismissal. *Id.* at ECF No. 8.  Respondent did not oppose that motion and it was granted (ECF Nos. 9 and 10).  The 2018 Case was dismissed on May 7, 2019. *Id.* at ECF No. 11.

With this background in mind, the Court makes the following rulings:

**Compel Transcript**

Petitioner's Motion to Compel the Attorney General to file pages from the trial transcript (ECF No. 2) is DENIED as premature. Magistrate Judge Bowman ordered the Attorney General to file an answer in this case which will include the trial transcripts as is required by Habeas Rule 5 (ECF No. 4). Prior to complying with that Order, Respondent has filed a motion essentially directed to the sufficiency of the Petition under Habeas Rule 2(c). If the case survives that Motion, the Attorney General will be compelled to file the transcripts without further order.

**Second or Successive**

Petitioner's Motion to Show the Current Petition is Not Second or Successive (ECF No. 3) is found to be MOOT. The Court has noted above that the Petition in the 2018 Case was dismissed without prejudice. An initial petition does not count for purposes of the 'second or successive' rule if it was voluntarily withdrawn by the petitioner." Means, Federal Habeas Manual (2020) art § 11.58, citing *Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004); *Haro-Arteaga v. United States*, 199 F.3d 1195, 1197 (10th Cir. 1999); *Garrett v. United States,* 178 F.3d 940, 942-43 (7th Cir. 1999); *Alexander v, Johnson*, 163 F.3d 906, 909 (5th Cir. 1998).

**Fundamental Miscarriage of Justice**

In his Motion for Leave to Show Fundamental Miscarriage of Justice (ECF No. 7), Petitioner promises he:

> is about to show fundamental miscarriage of justice, with constitutional violations, lack of jurisdiction by the state of Ohio,

3

> how remedies were exhausted, new evidence not before the jury, complete miscarriage of justice, with trial transcript pages attached with the new evidence, *Brady* violation. This is to not waste the courts time or state because petitioner has everything to prove his case right now, with everything authenticated, and certified.

*Id.* at PageID 103. Attached to the Motion are:

(1) an excerpt from an unlabeled filing in the 2018 Case (2018 Case ECF No. 6, PageID 116-17);

(2) thirty-three pages of argument in support of Petitioner's fundamental miscarriage of justice claim with numerous citations to the trial transcript which is not before the Court (PageID 106-38);

(3) a number of non-sequential pages apparently taken from the trial transcript (PageID 140-62)[1];

(4) the Affidavit of Corey Hall, a law enforcement officer, in support of a search warrant for an oral swab of Carlton, marked Exhibit 1 (PageID 163);

(5) page 2 of a two-page police incident report and property inventory, marked Exhibit 2 (PageID 164);

(6) a one-page excerpt from the medical records of Kristen Ivory, the victim in this case, marked Exhibit 3 (PageID 165);

(7) another one-page excerpt from the medical records of Kristen Ivory, marked Exhibit 4 (PageID 166);

(8) two purported pages from the telephone records of Kristen Ivory, marked Exhibits 5 and 6 (PageID 167-68);

(9) several purported pages of telephone records from Cincinnati Bell, marked Exhibits 7, 8, 9, and 10 (PageID 169-72);

(10) purported transcripts of text messages between a number of telephone numbers on July 21-

---

[1] At PageID 162, Carlton has included the unsigned certificate of the court reporter, attesting to a transcript of 470 pages.

22, 2014, marked Exhibit 11 (PageID 173).

In opposing this Motion, which largely appears intended to defeat a statute of limitations defense, Respondent notes it is premature because Respondent has not yet pleaded in response to the Petition (Opposition, ECF No. 9, PageID 181). Principally, Respondent argues that Petitioner's submissions do not show that failure to consider his claims would constitute a fundamental miscarriage of justice because he has not made a showing of factual innocence sufficient to satisfy the Supreme Court standard adopted in *Schlup v. Delo*, 513 U.S. 298, 319 (1995).

Carlton begins his Reply in Support by arguing "Respondent agrees that petitioner has presented new evidence that was not before the jury that could impeach the victim's testimony" (ECF No. 12, PageID 207).  He construes this as an admission that his trial was unfair in violation of the Due Process Clause because "That new impeaching evidence was suppressed by the trial court before it could get before the jury." *Id.* He then relies on cases that expound the duty of the prosecution to disclose exculpatory evidence. *Id.* citing *Banks v. Dretke*, 540 U.S. 668 (2004); *Strickler v. Greene*, 527 U.S. 263 (1999); *United States v. Ruiz*, 536 U.S. 622 (2002); and *Weary v. Cain*, 577 U.S. 385 (2016).  Indeed, at PageID 208 he acknowledges that he is complaining of "brady violations."  He argues that because this new evidence would impeach Ms. Ivory's testimony, it should undermine the confidence of the Court in his conviction.

Petitioner claims that he has explained in his Fundamental Miscarriage Motion the *Brady* violations and where they occurred. He treats as one such instance the trial judge's refusal to permit introduction of the contents of an affidavit:

> Therefore on trial transcript page 311, lines 11 through 13, trial court states, "she didn't prepare it. It is not in evidence.  And you are going to try to get what is in that affidavit before the jury. You cannot do it." The United States supreme court held, new evidence is evidence not before the jury, *House v. Bell*, 547 U.S. 518

5

(Reply, ECF No. 12, PageID 106). A trial judge's refusal to admit hearsay (for that is what an affidavit is) is not, indeed cannot be, a *Brady* violation. The very fact that the defense has the Affidavit and is attempting to introduce it shows the defense has it, that the prosecution has not prevented the defense from having it. If a trial judge is in error in excluding proffered evidence, that error must be raised on direct appeal and corrected by the appellate court. The fact that the jury did not see it does not imply it is new evidence in the sense meant in *Schlup* and *McQuiggin*.

More importantly, the new evidence required to prove actual innocence is not just any evidence the jury did not see.

> "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005). None of the new evidence presented by Carlton is scientific or physical evidence or an eyewitness account. Accordingly, the Magistrate Judge concludes Carlton has not presented sufficient evidence of actual innocence to invoke the fundamental miscarriage of justice exception either to the statute of limitations or other procedural default. His Motion for that result (ECF No. 7) is DENIED.

**Motion to Dismiss for Noncompliance with Habeas Rule 2(c)**

Respondent has moved to dismiss the Petition for failure to comply with Rule 2(c) of the Rules Governing § 2254 Proceedings (ECF No. 8). Petitioner has opposed the Motion to Dismiss (ECF No. 11) and then moved to amend his response (ECF No. 13). The latter motion is

6

GRANTED and the Court will consider the Amended Opposition.

Petitioner's sole ground for relief as pleaded is:

> **Ground One:** Petitioner was denied the opportunity to be heard, counsel, compulsory confrontation, a violation of U.S. Const. 14th Amend. Due process present favorable evidence. Also violating the Bill of Rights.
>
> **Supporting Facts:** At jury trial Petitioner was denied the right to counsel, compulsory process, and confrontation opportunity to be heard trial transcript pages, 166-458 and present favorable evidence. Petitioner has the transcript pages and will provide if attorney general does not.

(Petition, ECF No. 5, Page ID 63).

In both his Opposition (ECF No. 11) and his Amended Opposition (ECF No. 13), Carlton recounts and adds to his prior arguments about how his new evidence undermines the credibility of the victim Kristen Ivory. In both he claims his showing of actual innocence will excuse procedural failings such as non-compliance with Habeas Rule 2(c), the statute of limitations, and other procedural defaults. While that is true of the statute of limitations and other procedural defaults, it has never been held to excuse failure to comply with Rule 2(c).

The purpose of Rule 2(c) is to give the State fair notice of the claims against which it must defend. "Unlike the generous notice-pleading standard for the benefit of ordinary civil plaintiffs under Federal Rule of Civil Procedure 8(a), see *Conley v. Gibson*, 355 U.S. 41, 47 (1957), Habeas Corpus Rule 2(c) requires habeas petitioners to 'specify all the grounds for relief available,' and to 'state the facts supporting each ground.'" *Mayle v. Felix*, 545 U.S. 644, 669 (2005)(Souter, dissenting). *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Blackledge v. Allen*, 431 U.S. 63, 76 n.7 (1977).

> Although calling the requirement of fact pleading "wholly anachronistic," in light of "far less exacting pleading . . . for ordinary civil actions." Wright and Miller agree that fact pleading is required

7

> by Habeas Rule 2(c). Wright, Miller, Cooper & Amar, Federal Practice and Procedure: Jurisdiction 3d § 4268.3 (2007). Hertz & Liebman agree that Habeas Rule 2(c) states a fact pleading requirement "which deviates from the 'notice pleading' rule applicable in other federal civil cases. . ." Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure 6th §11.6 (2011). They interpret the rule as requiring "that the petitioner include in the statement of each claim enough supporting facts to distinguish it from claims of its generic type and to justify a decision for the petitioner once the alleged facts are proven." Id. Hertz and Liebman set out in the margin numerous cases where federal courts have found the factual pleading in habeas petitions to be insufficient including, inter alia, Hill v. Lockhart, supra.

*Bays v. Warden, Ohio State Penitentiary,* 2016 U.S. Dist. LEXIS 25103 *20-21 (S.D. Ohio Mar. 1, 2016)(Merz, M.J.).

The fact that Carlton is proceeding *pro se* does not excuse him from this requirement. A *pro se* litigant is entitled to liberal construction of his or her pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Rules Governing § 2254 Proceedings were written with *pro se* litigants in mind. In fact most habeas petitions in non-capital cases are litigated by *pro se* petitioners.

Petitioner himself has previously been capable of complying with Rule 2(c). His Petition in the 2018 Case pleads his First Ground for Relief as follows: "Petitione[r] was denied effective assistance of appellate counsel in violation of [the] Sixth and Fourteenth Amendment[s]." As Supporting Facts he pleaded "Appellate counsel demonstrated his ineffectiveness on direct appeal when he failed to assign as error the trial's court's erroneous decision to exclude admissible impeaching evidence made by the complaining witness in violation of petitioner's absolute right to procedural due process of law (i.e.-right to present evidence.)"

The Second Ground for Relief in the 2018 Case is also compliant. Carlton complained of "Denial of Effective Assistance of Appellate Counsel in violation of the Sixth and Fourteenth Amendments." Although the same constitutional right was involved, Carlton distinguished the Second

8

Ground from the First by stating how appellate counsel provided ineffective assistance: by not raising a claim that trial counsel provided ineffective assistance of trial counsel (2018 Case, ECF No. 3, PageID 33).

In contrast, the present Petition gives none of this detail. In the first place, Carlton does not divide his alleged constitutional violations one from another. Secondly, he provides no supporting facts at all. For example, the State of Ohio is entitled to know when Carlton claims he was denied the right to be heard, what facts constitute denial of the right to confront his accusers, when he was denied the right to counsel, and so forth.

Because Carlton is a *pro se* litigant, the Magistrate Judge believes he is entitled to an opportunity to amend his Petition to cure the deficiencies which Respondent has pointed out. Therefore the Magistrate Judge will hold in abeyance any report and recommendation on Respondent's Motion to Dismiss until he has had an opportunity to review an amended petition. Carlton is ORDERED to file an amended petition complying with Habeas Rule 2(c) not later than May 3, 2021. As the instructions for completing the habeas petition state, there is no need to cite law or to provide references to parts of the State Court Record which, of course, has not yet been filed. A summary of supporting facts is sufficient.

The obligation of Respondent to file an answer and the State Court Record is STAYED pending the Court's ruling on the sufficiency of Carlton's amended petition. When the answer and State Court Record are filed, however, they must comply with Habeas Rule 5 and include available transcripts.[2]

April 12, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[2] The Magistrate Judge notes that this part of Rule 5 was not complied with when the State Court Record was filed in the 2018 Case.

## NOTICE REGARDING RECORD CITATIONS#

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. \_\_\_ or Doc. No. \_\_\_) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule. However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely. For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)." The correct citation would have been Doc. No. 80, PageID 987." Because Defendant added the "#" symbol, the program failed to inset a hyperlink. Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified. **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**