# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DAMIAN CARLTON,

       Petitioner,      :      Case No. 1:20-cv-1030

  - vs -                         District Judge Douglas R. Cole
                                  Magistrate Judge Michael R. Merz

WARDEN, London
  Correctional Institution,

                                         :
       Respondent.

## ORDER FOR FURTHER PROCEEDINGS

This habeas corpus case was brought *pro se* by Petitioner Damian Carlton.  On April 12, 2021, in considering Respondent's Motion to Dismiss under Habeas Rule 2(c)(ECF No. 8), the Magistrate Judge ordered Petitioner to file an amended petition that would comply with Rule 2(c)(ECF No. 15).  He has now done so with his Motion to Amend (ECF No. 16).  That Motion is GRANTED and ECF No. 16 will be treated as the amended petition.  Respondent's Motion to Dismiss is denied as moot without prejudice to any defenses Respondent may have to the amended petition.  Petitioner's second Motion to Amend (ECF No. 17) is denied as moot, given the Court's acceptance of ECF No. 16.

In ordering Petitioner to amend, the Court stayed Respondent's obligation to answer (ECF No. 15, PageID 248).  That Stay is now DISSOLVED Respondent's date to file the State Court Record and an answer is set at June 19, 2021.  Petitioner's Reply will be due not later than twenty-

one days after the answer is filed. All the specifications for the answer and State Court Record set forth in Magistrate Judge Bowman's Order for Answer (ECF No. 4) remain in full force and effect.

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule. However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely. For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)." The correct citation would have been Doc. No. 80, PageID 987." Because Defendant added the "#" symbol, the program failed to inset a hyperlink. Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified. **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**

April 19, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
