# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DAMIAN CARLTON,

        Petitioner,    :    Case No. 1:20-cv-1030

- vs -    District Judge Douglas R. Cole
    Magistrate Judge Michael R. Merz

WARDEN
  London Correctional Institution,

              :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

    This habeas corpus case, brought *pro se* by Petitioner Damian Carlton under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 33) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice ("Report," ECF No. 32). Judge Cole has recommitted the case for further consideration in light of the Objections (ECF No. 34).

    In the Report, the Magistrate Judge concluded the Petition was barred by the statute of limitations in that it had been filed two years and three months after the statute expired (Report, ECF No. 32, PageID 1636). Furthermore, because his ineffective assistance of trial counsel claim could have been raised on direct appeal but was not, it is procedurally defaulted under Ohio's criminal *res judicata* doctrine. *Id.* at PageID 1642. Petitioner's attempt to excuse both late filing and procedural default by showing he is actually innocent was unpersuasive under *McQuiggin v.*

*Perkins*, 569 U.S. 383 (2013).  Finally, Carlton's claim the trial court did not have jurisdiction had only been raised for the first time in the Reply and was also without merit.

Petitioner's Objections are not presented in the same order as the Report considered his arguments.  For the convenience of the reader, this Supplemental Report will deal with the arguments in the Objections in the order they are presented there.

**Lack of Trial Court Jurisdiction**

Carlton claims the Hamilton County Court of Common Pleas lacked jurisdiction to try this case.  His premise is that jurisdiction depends on an opportunity to be heard and his trial counsel's ineffectiveness deprived the court, retrospectively, of jurisdiction.  He also claims he pleaded lack of jurisdiction by phrasing his sole ground for relief "Petitioner was denied trial counsel a violation of Article [sic] 6 of the United States Constitution and the 14th amendment of the United States Constitution. Opportunity to be heard." (Amended Petition, ECF No. 16, PageID 251).

This argument fundamentally confuses denial of counsel altogether with ineffective assistance of an attorney who is present but performs deficiently.  Carlton was never without an attorney in the trial court.  Whether or not counsel performed ineffectively is the issue before this Court, but the Supreme Court has never held that ineffective assistance of trial counsel deprives a trial court of jurisdiction.

Carlton relies on *Chicago & Erie Railroad Co. v. Keith*, 67 Ohio St. 279 (1902).  In that case Erie Railroad complained of the entry of an order by the Probate Judge of Allen County, Ohio, requiring it construct a ditch to drain water from Ms. Keith's property.  A relevant statute allowed a landowner to require such a ditch on ten days' notice to the railroad.  The Supreme Court of Ohio

upheld the substantive requirement of ditch construction, but held the railroad had to be given an opportunity to respond, which had not happened here. In no way did the Ohio Supreme Court assert the probate court would lose jurisdiction if the railroad's lawyer performed deficiently. Indeed, the Sixth Amendment right to effective assistance of counsel does not apply at all in civil cases. The cited precedent is in no way relevant to this case.

Having cited the Railroad case, Carlton then argues how the victim-witness could have been better cross-examined (ECF No. 33, PageID 1671-73). He then extends his argument that ineffective assistance of trial counsel deprives a trial court of jurisdiction. *Id.* at PageID 1673-81. At PageID 1681 he repeats his analysis of *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938), which he contends that a court which has jurisdiction at the commencement of trial can lose it by denying a defendant's right to counsel. As explained in the Report, *Johnson* involved a complete denial of counsel, not an ineffective assistance of trial counsel claim (ECF No. 32, PageID 1644-45). It was decided at a time when prevailing Supreme Court jurisprudence was that the federal habeas writ could only issue to a state prisoner if the state court lacked jurisdiction and that jurisprudence was repudiated only four years later in *Waley v. Johnson,* 316 U.S. 101 (1942). *Id.* To repeat, the Supreme Court of the United States has never held that ineffective assistance of trial counsel deprives a trial court of jurisdiction.

Carlton relies next on *Custis v. United States*, 511 U.S. 485 (1994), in which he says the Supreme Court held "*Gideon v. Wainwright* is jurisdictional defect." (Objections, ECF No. 33, PageID 1685). In *Custis* the Court made exactly the same distinction the Magistrate Judge relies on here: complete denial of counsel when there is a right to appointed counsel can be collaterally attacked; ineffective assistance of counsel does not rise to that level, i.e., of a jurisdictional defect.

Having argued his trial court jurisdiction issue at length, Carlton makes no response to the

3

statute of limitations or procedural default conclusions, either one of which is fatal to his case. A petitioner simply cannot show actual innocence under *McQuiggin* by merely suggesting additional ways in which the victim-witness could have been cross-examined.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge again concludes it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 25, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #