# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DAMIAN CARLTON,

|                        |     |                                   |
|------------------------|-----|-----------------------------------|
| Petitioner,            |  :  | Case No. 1:20-cv-1030             |
| - vs -                 |     | District Judge Douglas R. Cole    |
|                        |     | Magistrate Judge Michael R. Merz  |

WARDEN
  London Correctional Institution,

                                            :

Respondent.

## DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Damian Carlton under 28 U.S.C. § 2254, is before the Court on Petitioner's Emergency Motion pursuant to 28 U.S.C. § 1333 and Fed.R.Civ.P. 12(b)(1)(ECF No. 37).

This case is already pending before District Judge Cole on Petitioner's Objections (ECF Nos. 33 & 36) to the Magistrate Judge's Report and Recommendations (ECF No. 32) and Supplemental Report and Recommendations (ECF No. 35).  In the instant Motion Petitioner raises the claim that the Hamilton County Court of Common Pleas lacked subject matter jurisdiction to try his case and that its judgment is therefore null and void.  This claim is not pleaded by Carlton in the Amended Petition.  Construing Petitioner's *pro se* filing liberally, the Magistrate Judge will treat the instant motion as a motion to amend the Amended Petition to assert this new claim.

28 U.S.C. § 2242 provides that habeas corpus petition may be amended as provided in the rules for amendment of civil pleadings.  The relevant rule is Fed.R.Civ.P. 15.  The general standard

1

for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182.    *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

    In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986);  *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

    Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive.  *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.);  *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112

(1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).

A motion to amend under Fed. R. Civ. P. 15 is non-dispositive and thus within the Magistrate Judge's decisional authority. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.); *Chinn v. Warden*, 2020 U.S. Dist. LEXIS 94062 (S.D. Ohio May 29, 2020)(Morrison, D.J.).

28 U.S.C. § 1333 gives United States District Courts exclusive original jurisdiction of "[a]ny civil case of admiralty or maritime jurisdiction." Carlton argues he is a "14th Amendment citizen" which makes him a civilian (ECF No. 37, PageID 1709). Cases involving civilians are civil and not criminal, he claims. He reports that he is not an active duty member of any of the country's armed forces. *Id.* He recites some of the measures taken nationally to contain the COVID-19 pandemic. He concludes that the court that tried and convicted him back in 2015, the Hamilton County Court of Common Pleas, was operating as an admiralty court because the United States flag in the courtroom had gold fringe.

This claim is utterly without substance. Ohio Common Pleas courts are courts of general jurisdiction which means they have authority to decide their own jurisdiction in the first instance. *State ex rel. Winnefeld v. Court of Common Pleas of Butler County,* 159 Ohio St. 225 (1953); *State ex rel Miller v. Court of Common Pleas of Lake County*, 151 Ohio St. 397 (1949). That

3

determination is subject to review on appeal.  *State ex rel. Heimann v. George*, 45 Ohio St. 2d 231 (1976).  Ohio's common pleas courts are endowed with 'original jurisdiction over all justiciable matters * * * as may be provided by law.'" *Id*. at ¶ 20, quoting Article IV, Section 4(B), Ohio Constitution. The Ohio Supreme Court "has long held that the court of common pleas is a court of general jurisdiction, with subject matter jurisdiction that extends to ' all matters at law and in equity that are not denied to it. '" *Id*, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559 (1891).

In particular, Ohio Common Pleas courts have jurisdiction to try felony cases, exclusive of any other Ohio courts.  That jurisdiction is invoked, as it was here, by the return of an indictment by a grand jury.  In exercising that jurisdiction the Hamilton County Court of Common Pleas was free to have in the courtroom where the case was tried an American flag, with or without fringe, or no flag at all.

Carlton's claim that the Hamilton County Court of Common Pleas was exercising admiralty or maritime jurisdiction in trying, convicting, and sentencing him is utterly frivolous. Therefore his Motion to amend to include that claim is DENIED.


December 1, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge